UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10064-CV-KING
MAGISTRATE JUDGE REID

ARNOLD BELL,

      Petitioner,

v.

STATE OF FLORIDA, et al.,

      Respondents.

_____/

## REPORT OF MAGISTRATE JUDGE

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254. [ECF No. 1].[1] This cause has been referred to the Undersigned for

Report and Recommendation on dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D.

Fla. Admin. Order 2019-2. [ECF No. 8].

Petitioner, **Arnold Bell**, has previously filed a federal habeas petition attacking his state

court conviction in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County,

Florida, **Case No. KW-99-890-CF**, which was dismissed as untimely. Order, *Bell v. Sec'y Dept.*

*of Corr.*, No. 13-10136-CV-MARTINEZ (S.D. Fla. May 6, 2014), [CV1-ECF No. 28]. A dismissal

of a time-barred petition is an adjudication on the merits. *See Thomas v. Sec'y, Fla. Dep't of Corr.*,

737 F. App'x 984, 985 (11th Cir. 2018).

Here, this petition for writ of habeas corpus is successive as petitioner has already had an

adjudication on the merits with regard to **Case No. KW-99-890-CF**. *See Boyd v. United States*,

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 20-10064-CV-KING. Citations to [CV1-ECF] refer
to docket entries in civil Case No. 13-10136-CV-MARTINEZ.

754 F.3d 1298, 1302 (11th Cir. 2014) ("second or successive status only attaches to a judgment on the merits") (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). Further, Petitioner makes no allegation that there has been intervening judgment in Case No. KW-99-890-CF, since the time of his initial § 2254 petition. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam).

"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Proceedings, Rule 9. No authorization has been granted in this case. The Court lacks jurisdiction to decide this case absent such an authorization from the United States Court of Appeals for the Eleventh Circuit. *See Gonzalez v. Sec'y for the Dep't. of Corr.*, 366 F.3d 1253, 1297-98 (11th Cir. 2004) (citing *United States v. Winestock*, 340 F.3d 200, 207-09 (4th Cir. 2003)).

Accordingly, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DISMISSED** for lack or jurisdiction as an unauthorized successive petition.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 21st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

2

cc:    **Arnold Bell**
        835776
        Central Florida Reception Center-South Unit
        Inmate Mail/Parcels
        7000 H.C. Kelley Road
        Orlando, FL 32831
        PRO SE

        Noticing 2254 SAG Miami-Dade/Monroe
        Email: CrimAppMIA@MyFloridaLegal.com